IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 13-cv-001379-MSK

MICHAEL GARRETT,

     Applicant,

v.

ROGER WERHOLTZ, Exec Director Colorado Dept of Corrections,
FRANCES FALK, Warden, Limon Correctional Facility, and
JOHN SUTHERS, Attorney General, State of Colorado,

     Respondents.

## ORDER TO DISMISS IN PART

Applicant Michael Garrett is a prisoner in the custody of the Colorado Department of Corrections. Through counsel, Mr. Garrett has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (ECF No. 1) ("the Application"). Mr. Garrett is challenging the validity of his conviction in Denver District Court case number 2002CR2638. On May 29, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On June 27, 2013, Respondents filed a Pre-Answer Response (ECF No. 9) arguing that the action is untimely and that many of Mr. Garrett's claims are unexhausted and procedurally defaulted. On August 19, 2013, Mr. Garrett filed a Reply Brief in Response to Pre Answer Response (ECF No. 12). For the reasons stated below, the Court will dismiss the action in part.

## I.  BACKGROUND

Mr. Garrett was convicted by a jury of first degree murder and violation of a restraining order.  He was sentenced to life in prison without the possibility of parole.  On direct appeal, the Colorado Court of Appeals affirmed the judgment of conviction.  *See People v. Garrett*, No. 04CA0726 (Colo. App. Mar. 29, 2007) (unpublished) ("*Garrett I*") (ECF No. 1-3).  On September 10, 2007, the Colorado Supreme Court denied Mr. Garrett's petition for writ of certiorari on direct appeal.  (*See* ECF No. 1-5.)

In March 2008 Mr. Garrett filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure.  On November 6, 2008, the trial court denied the Rule 35(c) motion.  (*See* ECF No. 1-7.)  The trial court's order was affirmed on appeal.  *See People v. Garrett*, No. 08CA2456 (Colo. App. Feb. 10, 2011) (unpublished) ("*Garrett II*") (ECF No. 1-9).  On September 10, 2012, the Colorado Supreme Court denied Mr. Garrett's petition for writ of certiorari in the state court postconviction proceedings.  (*See* ECF No. 1-10.)

Mr. Garrett asserts eight claims for relief in the Application, a number of which include subparts.  Mr. Garrett's specific claims in the Application are described more fully below.

## II.  ONE-YEAR LIMITATION PERIOD

Respondents first argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  According to Respondents, the Application, which was filed on May 28, 2013, was filed one day after the one-year limitation period expired.  However, as Mr. Garrett points out, May 27, 2013, was Memorial Day, which is a legal holiday.  *See* Fed. R. Civ. P. 6(a)(6)(A).  Therefore, even assuming Respondents' other calculations are correct, the one-year

limitation period did not expire on May 27, 2013, but was extended for one additional day until May 28, 2013. *See* Fed. R. Civ. P. 6(a)(1)(C). As a result, the Court rejects Respondents' argument that this action is barred by the one-year limitation period.

### III. EXHAUSTION OF STATE REMEDIES

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v.*

*Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

**A. Claim 1**

Mr. Garrett alleges in claim 1 that admission of testimonial hearsay violated (a) his Sixth Amendment right to confront witnesses and (b) his due process right to a fair trial.  The specific testimony Mr. Garrett challenges includes testimony by Officer Bueno, Officer Gimeno, Officer Salazar, Denise Thach, Janise Bean, Officer Chinn, Doris R., Kimberly Tatro, and Dedric R.  Mr. Garrett also challenges admission of the victim's verified complaint used to obtain a restraining order in claim 1.

Respondents concede that claim 1(a) is exhausted in part.  However, Respondents maintain that claim 1(a) was not fairly presented to the state courts and is not exhausted to the extent Mr. Garrett challenges admission of testimonial hearsay through three specific witnesses, Kimberly Tatro, Janise Bean, and Doris R.  Respondents contend that claim 1(a) is not exhausted to the extent the claims relies on the testimonial hearsay introduced through these three witnesses because Mr. Garrett did not object to their testimony at trial and, thus, the Colorado Court of Appeals reviewed the challenged statements introduced through these three witnesses only for plain error.

If the state court applies plain error review in addressing a federal claim, that disposition affects the Court's analysis of whether the claim is exhausted.  *See Cargle v. Mullin*, 317 F.3d 1196, 1205-06 (10th Cir. 2003).  When "a state court [denies] relief for a federal claim on plain-error review because it finds the claim lacks merit under federal law, . . . there is no independent

state ground of decision and, thus, no basis for procedural bar." *Id.* at 1206.  If, however, "a state court [denies] relief for what it recognizes or assumes to be federal error[] because of the petitioner's failure to satisfy some independent state law predicate," such a "non-merits predicate [constitutes] an independent state ground for decision which would warrant application of procedural-bar principles on federal habeas."  *Id.*

It is clear that the Colorado Court of Appeals in *Garrett I* reviewed only for plain error Mr. Garrett's state law hearsay claims relevant to the testimony of Kimberly Tatro, Janise Bean, and Doris R.  (*See* ECF No. 1-3 at 13-16.)  However, it is not clear that the state court applied plain error review to Mr. Garrett's federal Confrontation Clause claim.  (*See id.* at 16-17.) Therefore, the Court is not persuaded by Respondents' argument that Mr. Garrett failed to fairly present to the Colorado Court of Appeals on direct appeal the entirety of the Confrontation Clause claim he raises in claim 1(a) in the Application.  As a result, the Court finds that all of claim 1(a) is exhausted.

Respondents argue that claim 1(b) was not fairly presented to the state courts and is not exhausted because Mr. Garrett made only fleeting and cursory references to due process and a fair trial in his opening brief on direct appeal that were not sufficient to fairly apprise the state court of a federal constitutional claim.  The Court does not agree.

> A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  Mr. Garrett specifically asserted in his opening brief on direct appeal that admission of the testimonial hearsay at issue in claim 1(b) violated his

federal constitutional right to due process and a fair trial. (*See* ECF No. 1-1 at 28.) Therefore, the Court finds that claim 1(b) was fairly presented to the state courts and is exhausted.

**B. Claim 2**

Mr. Garrett alleges in claim 2 that (a) his right to due process and a fair trial was violated by admission of evidence of prior bad acts and (b) his right to present a defense was violated by exclusion of evidence of a violent act by the victim. Respondents argue that claim 2(a) was not fairly presented to the state courts and is not exhausted because Mr. Garrett made only cursory references to due process and a fair trial in his opening brief on direct appeal that were not sufficient to fairly apprise the state court of a federal constitutional claim. The Court again does not agree. Mr. Garrett specifically asserted in his opening brief on direct appeal that admission of the evidence of bad acts at issue in claim 2(a) violated his federal constitutional right to due process and a fair trial. (*See* ECF No. 1-1 at 36.) Therefore, the Court finds that claim 2(a) is exhausted. *See Baldwin*, 541 U.S. at 32.

Respondents concede that Mr. Garrett raised claim 2(b) as a federal constitutional claim on direct appeal to the Colorado Court of Appeals. However, Respondents argue that claim 2(b) was not fairly presented to the state courts and is not exhausted because Mr. Garrett did not raise the claim as a federal constitutional claim in his petition for writ of certiorari to the Colorado Supreme Court on direct appeal. The Court rejects this argument because Mr. Garrett included a citation to the Due Process Clause of the United States Constitution in connection with this claim in his petition for writ of certiorari. (*See* ECF No. 1-4 at 14.) In addition, although a claim must be presented to the state's highest court if review in that court is available, *see O'Sullivan*, 526 U.S. at 845, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state

law or rule providing that a given procedure is not available," *id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Pursuant to Colo. App. R. 51.1, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D. Colo. Feb. 28, 2011). As Respondents concede, Mr. Garrett fairly presented claim 2(b) to the Colorado Court of Appeals on direct appeal and the Colorado Court of Appeals rejected that claim. Therefore, the Court finds that claim 2(b) is exhausted and the Court is not persuaded by Respondents' arguments that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276

F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, the Court finds that claim 2(b) is exhausted.

## C.  Claim 3

Mr. Garrett contends in claim 3 that his right to due process and a fair trial was violated by admission of highly speculative statistical evidence about the history of violence in other domestic violence cases.  Respondents argue that claim 3 was not fairly presented to the state courts and is not exhausted because Mr. Garrett made only fleeting and cursory references to due process and a fair trial in his opening brief on direct appeal that were not sufficient to fairly apprise the state court of a federal constitutional claim.  The Court does not agree because Mr. Garrett specifically asserted in his opening brief on direct appeal that admission of highly speculative statistical evidence about the history of violence in other domestic violence cases violated his federal constitutional right to due process and a fair trial.  (*See* ECF No. 1-1 at 42.) Therefore, the Court finds that claim 3 is exhausted.  *See Baldwin*, 541 U.S. at 32.

## D.  Claim 4

Mr. Garrett contends in claim 4 that his right to due process and a fair trial was violated by the trial court's (a) denial of defense jury instructions and (b) instructing the jury not to consider any violent acts by the victim unless Applicant was aware of them at the time of the charged killing.  Respondents argue that claim 4(a) was not fairly presented to the state courts and is not exhausted because Mr. Garrett's brief reference to a federal due process violation at the conclusion of several well-developed state law arguments on direct appeal was not sufficient to fairly apprise the state court of a federal constitutional claim.  The Court does not agree and finds that Mr. Garrett's explicit reference to the federal constitution in his opening brief on direct

appeal fairly presented a federal due process claim to the state court. (*See* ECF No. 1-1 at 45.) Therefore, the Court finds that claim 4(a) is exhausted.  *See Baldwin*, 541 U.S. at 32.

Respondents argue that claim 4(b) is repetitive of claim 2(b) and is not exhausted for the same reasons claim 2(b) is not exhausted.  Because the Court has concluded above that claim 2(b) is exhausted, the Court also finds that claim 4(b) is exhausted.

### E.  Claim 5

Mr. Garrett contends in claim 5 that his right to due process and a fair trial was violated by the trial court giving the prosecution's "make my day law" instruction without modifications requested by the defense.  Respondents argue that claim 5 was not fairly presented to the state courts and is not exhausted because Mr. Garrett's oblique reference to a federal due process violation at the conclusion of a state law argument on direct appeal was not sufficient to fairly apprise the state court of a federal constitutional claim.  The Court does not agree and finds that Mr. Garrett's explicit reference to the federal constitution in his opening brief on direct appeal fairly presented a federal due process claim to the state court.  (*See* ECF No. 1-1 at 47.) Therefore, the Court finds that claim 5 is exhausted.  *See Baldwin*, 541 U.S. at 32.

### F.  Claim 6

The heading for claim 6 in the Application is "Mr. Garrett's right to due process and a fair trial were [sic] violated by prosecutorial misconduct" (ECF No. 1 at 64).  Within claim 6 Mr. Garrett identifies a number of instances of alleged prosecutorial misconduct.  He also asserts within claim 6 that his right to testify was violated because malfunctioning audio equipment in the courtroom prevented the jury from hearing his testimony properly and that he received ineffective assistance of counsel because trial counsel failed to make a record regarding the

audio problems so that the issue could be raised on direct appeal. Respondents construe claim 6 as presenting three distinct claims of prosecutorial misconduct, which they identify as claims 6(a), 6(b), and 6(e). Respondents have identified the right to testify claim as claim 6(c) and the ineffective assistance of counsel claim as claim 6(d). The Court will refer to the various subsections of claim 6 as identified by Respondents. Respondents maintain that each of these claims is not exhausted.

Respondents contend that claim 6(a), a prosecutorial misconduct claim premised on an alleged misstatement of the evidence during closing argument, i.e., that defendant testified he knew the safety on the victim's gun was on, was not fairly presented to the state courts and is not exhausted because Mr. Garrett's cursory reference to the federal Constitution in his opening brief on direct appeal was not sufficient to fairly apprise the state court of a federal constitutional claim. The Court does not agree and finds that Mr. Garrett's explicit reference to the federal constitution in his opening brief on direct appeal fairly presented to the state court the allegation of prosecutorial misconduct set forth in claim 6(a). (*See* ECF No. 1-1 at 52.) Therefore, the Court finds that claim 6(a) is exhausted. *See Baldwin*, 541 U.S. at 32.

Respondents argue that claim 6(b), a claim of prosecutorial misconduct premised on other comments during closing argument and throughout the trial to which Mr. Garrett had not objected, was not fairly presented to the state courts and is not exhausted because the absence of any objection meant the Colorado Court of Appeals reviewed the challenged misconduct only for plain error. It is clear that the Colorado Court of Appeals on direct appeal reviewed only for plain error Mr. Garrett's allegations of prosecutorial misconduct set forth in claim 6(b). (*See* ECF No. 1-3 at 28.) The state court "conclude[d] that the complained-of statements do not

constitute plain error, either because they were proper or because they did not undermine the fundamental fairness of the trial." (*Id.*)

It is not clear whether the state court's plain error review of the prosecutorial misconduct allegations set forth in claim 6(b) was premised on an independent state law ground. *See Cargle*, 317 F.3d at 1206. In a related context, a state court's statement that it reviewed prosecutorial misconduct claims and found no plain error was not sufficient to determine whether the decision was on the merits or not for the purpose of determining whether the federal court owed deference to the state court decision under § 2254(d). *See Douglas v. Workman*, 560 F.3d 1156, 1178 (10th Cir. 2009). Under those circumstances, the Tenth Circuit "assume[d] that the state's review [was] on the merits and thus afford[ed] it § 2254(d) deference." *Id.*

Because the Court is unable to determine whether the state court's review of the allegations of prosecutorial misconduct set forth in claim 6(b) was premised on an independent state law ground, the Court finds that claim 6(b) is exhausted.

Respondents argue that claim 6(c) was not fairly presented to the state courts and is not exhausted because the Colorado Court of Appeals rejected the right to testify claim on independent and adequate state procedural grounds. On appeal from the denial of his postconviction Rule 35(c) motion, Mr. Garrett raised a federal constitutional claim that his right to testify was violated because malfunctioning audio equipment in the courtroom prevented the jury from hearing his testimony properly. (*See* ECF No 1-8 at 49.) However, Respondents are correct that the claim was rejected by the Colorado Court of Appeals pursuant to Rules 35(c)(3)(VI) & (VII) because the claim either had been raised and resolved on direct appeal or could have been raised on direct appeal. (ECF No. 1-9 at 3-4.) Although Mr. Garrett disagrees

with the state court's decision, he fails to demonstrate that the right to testify claim was fairly presented to the state courts. Therefore, the Court finds that Mr. Garrett fails to satisfy his burden of demonstrating claim 6(c) is exhausted.

Respondents argue that claim 6(d) was not fairly presented to the state courts and is not exhausted because the ineffective assistance of counsel argument in claim 6(d) was presented to the Colorado Court of Appeals for the first time on appeal from the denial of his postconviction Rule 35(c) motion. Respondents are correct that the Colorado Court of Appeals declined to consider the ineffective assistance of counsel argument Mr. Garrett asserts in claim 6(d) because that argument had not been raised in the trial court. (*See* ECF No. 1-9 at 6-7 & n.2.) Mr. Garrett does not dispute this fact and he fails to present any argument that demonstrates the ineffective assistance of counsel argument he raises in claim 6(d) was fairly presented to the state courts. Therefore, the Court finds that Mr. Garrett fails to satisfy his burden of demonstrating claim 6(d) is exhausted.

Respondents argue that claim 6(e) was not fairly presented to the state courts and is not exhausted because the Colorado Court of Appeals rejected the allegations of prosecutorial misconduct in claim 6(e) on independent and adequate state procedural grounds. The allegations of prosecutorial misconduct Mr. Garrett raises in support of claim 6(e) consist of the prosecutorial misconduct claims he raised in state court in the postconviction Rule 35(c) proceedings. (*See* ECF No. 1 at 75.) Respondents are correct that the Colorado Court of Appeals rejected Mr. Garrett's allegations of prosecutorial misconduct on appeal from the denial of his postconviction Rule 35(c) motion pursuant to Rules 35(c)(3)(VI) & (VII) because the allegations either had been raised and resolved on direct appeal or could have been raised on

direct appeal.  (*See* ECF No. 1-9 at 4.)  Mr. Garrett does not dispute this fact and he fails to present any argument that demonstrates the prosecutorial misconduct allegations he raises in claim 6(e) were fairly presented to the state courts.  Therefore, the Court finds that Mr. Garrett fails to satisfy his burden of demonstrating claim 6(e) is exhausted.

### G.  Claim 7

Mr. Garrett contends in claim 7 that his right to a fair and impartial jury was violated by the trial court's refusal to strike juror Rice for cause.  Respondents do not argue that Mr. Garrett failed to exhaust state remedies for this claim.

### H.  Claim 8

Mr. Garrett contends in claim 8 that his right to due process and a jury of his peers was violated by the trial court's denial of his *Batson* challenge to the prosecution's use of peremptory challenges of non-white jurors.  Respondents concede that Mr. Garrett has exhausted state remedies for claim 8.

## IV.  PROCEDURAL DEFAULT

The Court next will consider Respondents' argument that unexhausted claims 6(c), 6(d), and 6(e) are procedurally defaulted.  As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision."  *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998).  A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases."  *Id.*  Application of this

procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

Mr. Garrett presents no argument that the rules cited by the Colorado Court of Appeals in rejecting claims 6(c), 6(d), and 6(e) are not independent and adequate. In any event, the Court finds that Rules 35(c)(3)(VI) & (VII) of the Colorado Rules of Criminal Procedure, the rules cited by the Colorado Court of Appeals in rejecting claims 6(c) and 6(e), are independent because they rely on state rather than federal law. These procedural rules also are adequate because they are applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rules 35(c)(3)(VI) & (VII) to reject claims actually raised in prior postconviction motion or that could have been raised in a prior postconviction motion). The Court also finds that the Colorado Court of Appeals rejected claim 6(d) on the basis of an independent and adequate state procedural ground. *See People v. Gardner*, 55 P.3d 231, 235 (Colo. App. 2002) (declining to address arguments raised for the first time on appeal). Therefore, claims 6(c), 6(d), and 6(e) are procedurally defaulted and cannot be considered unless Mr. Garrett demonstrates either cause and prejudice or a fundamental miscarriage of justice.

To demonstrate cause for his procedural default, Mr. Garrett must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation

marks omitted). If Mr. Garrett can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Garrett raises no argument that might demonstrate good cause for his procedural default or any resulting prejudice. He also fails to demonstrate or argue that a failure to consider his unexhausted claims will result in a fundamental miscarriage of justice. Therefore, the Court finds that claims 6(c), 6(d), and 6(e) in the Application are procedurally barred.

## V. CONCLUSION

In summary, the Court rejects Respondents' argument that the Application is untimely and the Court rejects Respondents' procedural default arguments with respect to claims 1(a), 1(b), 2(a), 2(b), 3, 4(a), 4(b), 5, 6(a), and 6(b). However, the Court agrees that claims 6(c), 6(d), and 6(e) in the Application are procedurally barred and those claims will be dismissed. Accordingly, it is

**ORDERED** that claims 6(c), 6(d), and 6(e) in the Application are DISMISSED because those claims are procedurally barred. It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims. It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED this 18th day of September, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge